**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 19-cr-137-PWG** |
| **ANN WAUGH-HIXON** | * | |
| **Defendant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Waugh-Hixon's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (ECF No. 724). Ms. Waugh-Hixon is currently incarcerated at FCI Danbury, serving a sentence of 60 months. Judgment, 2, (ECF No. 386). Ms. Waugh-Hixon seeks a reduction of sentence to time served, or alternatively, a modification of the sentence to home confinement. Def.'s Mot., 1, ECF No. 724. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons discussed below, Ms. Waugh-Hixon's motion is **DENIED**.

**BACKGROUND**

On August 5, 2019, Ms. Waugh-Hixon pleaded guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846. Plea Agreement 1 (ECF No. 304). On November 8, 2019, this Court sentenced Ms. Waugh-Hixon to a total of 60 months' imprisonment. *See* Judgment, 2., ECF No. 386. In light of the prescribed mandatory minimums, Ms. Waugh-Hixon's sentence reflected the lowest possible sentence permitted under law.

---

[1] The motion is fully briefed. *See* ECF Nos. 724 and 777. No reply was filed and the time for doing so has passed.

Sentencing Tr. (ECF No. 385). Ms. Waugh-Hixon's expected release date is August 16, 2023. https://www.bop.gov/inmateloc/ (last visited September 13, 2021).

Ms. Waugh-Hixon moves for compassionate relief, stating that her high Body Mass Index ("BMI") puts her at an increased risk of contracting COVID-19. Def.'s Mot. 1. Waugh-Hixon states that her high BMI should be deemed as an extraordinary and compelling reason to grant her immediate relief. *Id.* Overall, Ms. Waugh-Hixon asserts that she is eligible for release due to the conditions at FCI Danbury and their alleged failure to contain the spread of the COVID-19 virus. *Id.* at 3.

The government opposes Ms. Waugh-Hixon's release, arguing that Ms. Waugh-Hixon has failed to meet her burden. Gov.'s Opp'n, 1, (ECF No. 777). The government concedes that Ms. Waugh-Hixon has exhausted her administrative remedies but has nevertheless failed to demonstrate extraordinary and compelling reasons to justify release. *Id.* The government submits that Ms. Waugh-Hixon has offered no medical records nor any evidence that she has a medical condition that places her at an elevated risk if she were infected with COVID-19. *Id.* at 5. The government further states that Ms. Waugh-Hixon does not satisfy the requirements set out in U.S.S.G. § 1B1.13. As of September 13, 2021, FCI Danbury, where Ms. Waugh-Hixon is incarcerated, has had 204 inmates that have tested positive for COVID-19. COVID-19 Update, https://www.bop.gov/coronavirus (last visited September 13, 2021).

**DISCUSSION**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. High,* 997 F.3d 181, 185 (4th Cir. 2021). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Ms. Waugh-Hixon requests a modification of her sentence for "compassionate release"

under the First Step Act, as amended.[2] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the Bureau of Prisons ("BOP") received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

I.  **Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. Ms. Waugh-Hixon has filed a request for compassionate release on February 04, 2021 (ECF No. 724). The government does not contest that Ms. Waugh-Hixon has exhausted her administrative remedies. Thus, this Court may rule on Ms. Waugh-Hixon's motion.

II. **Extraordinary and Compelling Reasons**

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission

---

[2] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the BOP. In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the Court to act on a motion for compassionate release filed by a defendant.

3

statements. 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit has found that there is no applicable policy statement that governs a defendant's motion for compassionate release. *High*, 997 F.3d at 186 (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)). Additionally, I join with the majority of courts in finding that 18 U.S.C. § 3582(c)(1)(A)(i), as amended, grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, Criminal No. ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold. *McCoy*, 981 F.3d at 281-82. More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance. *Id.* at 279 (citing *United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G § 1B1.13(2). The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a

catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C); *see also McCoy*, 981 F.3d at 280-81.

Ms. Waugh-Hixon moves for compassionate release by citing her high Body Mass Index ("BMI") as an underlying medical condition. Def.'s Mot. 1. Ms. Waugh-Hixon contends that the combination of her medical condition and the failure of BOP to control the spread of COVID-19 constitutes extraordinary and compelling reasons for compassionate release. *Id.* Ms. Waugh-Hixon states that the CDC has recently lowered the range of BMI susceptibility level to 29%. *Id.* She further states that a High BMI is high on the list of conditions the CDC recognizes as making those who contract COVID-19 highly susceptible to life threating complications from the virus. *Id.* at 19-20.

The Fourth Circuit has noted that "COVID-19 raises medical issues in the prison context that are particularly serious — it is highly communicable; it is aggravated by certain other medical conditions; and it can be lethal." *High*, 997 F.3d at 185. Thus, a petitioner can present an extraordinary and compelling reason related to COVID-19. *Id.* The district courts have discretion to determine how to resolve such motions. *Id.* Judges in this Court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where defendants have serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No. 13-cr-46-PWG, 2020 WL 4748462, at \*4 (D. Md. Aug. 17, 2020) (citing cases in this Court and other courts, and the application to multiple serious conditions); *but see United States v. Taylor*, No. 17-cr-0268-PWG, 2020 WL 6322620 (D. Md. Oct. 28, 2020), *appeal dismissed*, No. 20-7632, 2021 WL 1784092 (4th Cir. Jan. 13, 2021) (finding that hypertension and high BMI were not sufficient to warrant prisoner's release when the spread of coronavirus in his BOP facility was under control, and prisoner did not show

that he would not receive appropriate treatment at his BOP facility, or a nearby medical facility if he were to contract the virus).

Additionally, the judges of this Court have dealt with increased rates of COVID-19 inoculation differently. *Compare United States v. Gregory*, No. CR SAG-13-0034, 2021 WL 1909605, at *5 (D. Md. May 12, 2021) (concluding that the petitioner's COVID-19 vaccination removed his pulmonary-related conditions from the category of risk constituting an "extraordinary and compelling reason"), *and United States of America v. Dion Alexander, Defendant*., No. CR RDB-16-364, 2021 WL 2661395, at *3 (D. Md. June 29, 2021) (taking into account falling COVID-19 infection figures and rising vaccinations when denying that petitioner had "extraordinary and compelling" reasons for release), *with United States v. Spriggs*, No. CR CCB-10-354, 2021 WL 1856667, at *3 (D. Md. May 10, 2021) (finding that petitioner's receipt of one vaccination shot did not greatly decrease the court's concern regarding his vulnerability to COVID-19 when he had underlying medical conditions and there are new variants of COVID-19). Therefore, this Court does take vaccination status into account when evaluating a motion for compassionate release.

Vaccines are effective at preventing COVID-19, but because effectiveness is not guaranteed and there are unknowns regarding the extent and duration of the vaccine's protection, there may still be concern for particular individuals' increased risk of severe illness, even if fully vaccinated. *See. Spriggs*, 2021 WL 1856667, at *2–3 (noting that "a vaccine does not negate that [the defendant's] underlying health conditions make him eligible"). It is impossible to predict the impact of the various COVID-19 vaccines on future strains of this virus, just as it is impossible to predict the impact of COVID-19 on Waugh-Hixon's specific medical issues.  Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk

6

factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

The Government argues, however, that Ms. Waugh-Hixon fails to prove extraordinary and compelling circumstances because her medical conditions do not significantly elevate her risk. Gov't Resp., 5. Ms. Waugh-Hixon, who is in her late thirties, does not fall within the category of a high-risk age group. As the Government noted, Ms. Waugh-Hixon is also in good health and does not suffer from a serious medical condition with no expectancy to recover. *Id.* There is no doubt that Ms. Waugh-Hixon's BMI of 30% places her in the range of BMI susceptibility level recommended by the CDC. However, it is apparent that this condition is not so serious as to warrant release at this time. Moreover, the current status of FCI Danbury indicates that the spread of coronavirus—at least at the time being—remains sufficiently under control. COVID-19 Update, https://www.bop.gov/coronavirus (last visited September 13, 2021).  FCI Danbury is currently operating at level two infection prevention procedure, which is the intermediate operational level. This facility currently has 0 inmates and employees who have tested positive, as well as 1 inmate death, according to the BOP's numbers as of September 13, 2021. *Id.* Additionally, 148 inmates and 85 employees have previously recovered from COVID-19. *Id.* Furthermore, a relocation of home confinement—as Ms. Waugh-Hixon states as an alternative relief—is not within the Court's jurisdiction. *See* Gov't Resp., 5 n.4 (citing 18 U.S.C. §§ 3621(b) and 3624(c)). Ms. Waugh-Hixon has also failed to show that if she were to contract the virus, she would not receive appropriate treatment at the BOP facility where she is detained, or a nearby civilian medical facility. Of course, this can change rapidly, and the current status of the virus is no guarantee that these conditions at FCI Danbury will persist.  However, at the moment, because Ms. Waugh-Hixon's medical conditions appear nonserious, and because the current state of coronavirus spread at FCI Danbury

is controlled, extraordinary and compelling circumstances do not exist that would justify compassionate release. These concerns are further considered in the analysis of the sentencing factors.

### III.  Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary but not sufficient condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

Ms. Waugh-Hixon has a lengthy criminal history reflecting a string of criminal charges and convictions including, criminal mischief, harassment, delivery of a controlled substance, malicious destruction, possession of heroin, marijuana, and paraphernalia, and drug distribution. Prior to the conviction underlying this sentence, Ms. Waugh-Hixon was arrested for possession of heroin and marijuana withing a 25-day time span. Ms. Waugh-Hixon was then arrested 19 days later for the conviction underlying this sentence. In light of this history of drug distribution, I am not persuaded that Ms. Waugh-Hixon does not present a danger to the community. Further, her sentence of 60 months was viewed as sufficient but no greater than necessary.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a). Ms. Waugh-Hixon pled guilty to one count of Conspiracy to Distribute Controlled Substances. Ms. Waugh-Hixon's combined

8

sentence of 60 months was the lowest sentence permissible by law, and this court noted during sentencing that the sentence must promote respect for the law while providing general and specific deterrence. Presentence Report, 21, ECF No. 362. Furthermore, Ms. Waugh-Hixon has only completed 38 months of her sentence. To release Ms. Waugh-Hixon after serving so little of a mandatory sentence would undermine Congress' clear intent that those who have been convicted of drug possession and distribution serve a substantial sentence.

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Ms. Waugh-Hixon faces based on her increased BMI of 30%. Nonetheless, Ms. Waugh-Hixon has not demonstrated compelling and extraordinary reason for compassionate relief. Further, Ms. Waugh-Hixon's early release would not be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Therefore, Ms. Waugh-Hixon's motion for compassionate release is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this 12th day of October 2021, hereby ORDERED that Defendant Waugh-Hixon's Motion for Compassionate Release, ECF No. 724, is **DENIED**.

                                                                                  /S/
                                                                 Paul W. Grimm
                                                                United States District Judge